UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Michael S. Kimm (MK4476)
Thomas W. Park, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiff*

| | |
|---|---|
| SIK GAEK, INC.,<br><br>                    Plaintiff,<br>          v.<br><br>YOGI'S TWO, INC., and STEVE<br>RYU,<br><br>                    Defendants. | 14-CV- _____<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Sik Gaek, Inc., for its complaint against the above-named defendants,

states:

## THE PARTIES

1.  At all relevant times plaintiff Sik Gaek, Inc., is a business entity having its

principal address at 161-29 Crocheron Avenue, Flushing, New York, in the Eastern

District of New York. Plaintiff is the assignee and successor to all trademark rights

of Chul Ho Park pertaining to the "Sik Gaek" mark.

2.  At all relevant times defendant Yogi's Two, Inc. (Yogi's), was a business

1

entity in New Jersey which operated a Korean restaurant at 799 Abbott Boulevard, Fort Lee, New Jersey, which is its only known address.

3.  At all relevant times, defendant Steve Ryu is an individual believed to be residing at 207 E. Harriet Avenue, Palisades Park, New Jersey, his last known address, and was one of owners, officers, principals, responsible persons for the management of defendant Yogi's.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this action under 28 U.S.C. § 1331 in that federal statutory law is implicated in this action, under the Lanham Act, 15 U.S.C. §§ 1125, 1119, and 1120.  The action is also subject to diversity jurisdiction in that the plaintiff is a New York entity citizen and domiciliary and defendant is a citizen of New Jersey; and the amount in controversy is in excess of $75,000, exclusive costs and interests.  There exists supplemental jurisdiction over certain claims, which are more fully set forth below, under 28 U.S.C. § 1367, as they arise from a common nucleus of operative facts.  Venue is proper because substantial events arose in this district.

5.  This dispute was previously filed as Sik Gaek, Inc. v. Yogi's II, Inc. and Danile Kim, Docket No. 10-CV-4077 ("Sik Gaek I"), assigned to District Judge Allyne R. Ross and Magistrate Judge Victor Pohorelsky and is being re-filed in

accordance with decisions entered by the Court in that docket, <u>Exhibit 1</u> and <u>Exhibit 2</u>.

## FACTS COMMON TO ALL CLAIMS

### A.  Charlie Park's Adoption of the "Sik Gaek" Marks

6.  Chul Ho Park (Charlie Park) and has been a chef of the Korean culinary art at all relevant times.  In March 2005 he adopted, originated, and used in interstate commerce of the United States the Sik Gaek trademark with both verbal and logo variations which are central to this lawsuit. The Sik Gaek trademark has been consistently used by Charlie Park in interstate commerce in connection with marketing, advertising and promotion of restaurants owned, operated, and/or authorized by Charlie Park.  Plaintiff is the lawful assignee who holds all the right, title, and interest in and to the trademark "Sik Gaek" verbally and in various logos.

7.  On or about June 10, 2007, approximately two years after Charlie Park began to use the Sik Gaek mark, the entity which was then operated by Charlie Park granted a Trademark Licensing Agreement and Promissory Note whereby plaintiff granted a use license to defendant Yogi's Two, Inc., in consideration of $2 million. The License states essentially as follows:

    **2.**    **Grant**

    a)    Licensor hereby grants to Licensee the license of the

Trademarks, Copyrights, and Trade Secrets upon and in connection with the manufacture, advertising, distribution and sale of any of the Licensee's Products in the Licensed Territory for use in connection with the Licensee's Products in the Licensed Territory provided the quality control protections afforded by this Agreement.

b)   All proprietary rights and goodwill in the Trademarks, Copyrights, and Trade Secrets shall inure to the benefit of the Licensor and not Licensee. <u>Licensee shall acquire no property rights in the Trademarks, Copyrights, and Trade Secrets by reason of its use thereof,</u> and if, by operation of law, or otherwise, Licensee is deemed to or appears to own any property rights in any of the Trademarks, Copyrights, and Trade Secrets, Licensee shall, at Licensor's request, execute any and all documents necessary to confirm or otherwise establish Licensor's rights therein.

***

**4.   Terms of Payment.**

<u>Licensee hereby agrees to pay Licensor a fee of $2,000,000.00, due upon execution of this Agreement, for the license granted herein.</u> . . .

**5.   Registration and Protection of Trademarks.**

a)   <u>Licensee has agreed to be bound by the terms and conditions of this Agreement and recognizes and acknowledges Licensor's exclusive ownership and title to the Trademarks, Copyrights, and Trade Secrets and the value of the associated goodwill. Licensee agrees that it will not challenge the title of any rights of Licensor in and to the Trademarks, Copyrights, and Trade Secrets in the Licensed Territory or make any claim or take any action adverse to the Licensor's rights therein, or challenge the validity of the Agreement.</u> Licensee further agrees that its

4

every use of the Trademarks, Copyrights, and Trade
Secrets in the Licensed Territory shall inure to the benefit
of Licensor.

***

8.   By countersigning the license, defendants, of their own volition, duly
acknowledged in writing that plaintiff is the "exclusive owner" of the mark and that
they did not have any ownership interest in the mark: "Licensee has agreed to be
bound by the terms and conditions of this Agreement and recognizes and
acknowledges Licensor's exclusive ownership and title to the Trademarks,
Copyrights, and Trade Secrets and the value of the associated goodwill."

9.   The Promissory Note essentially states as follows:

FOR VALUE RECEIVED, the undersigned promises to pay the order
of _149th Place Roosevelt, Inc. ["Holder"] located in 40-01 149th Place,
#201 Flushing, NY 11345 ["Holder's Address"], or such other place as
may hereafter be designated by the holder, the sum of TWO MILLION
AND 00/100 (2,000,000.00) ---- Dollars, which figure is principal plus
interest at the rate of ZERO (0%) per annum, by no later than October
1, 2008.

10.   This consideration was never paid despite Charlie Park's demands, and of
course this action.

11.   After the License was executed defendant operated its restaurant at 799
Abbot Boulevard, Fort Lee, New Jersey, as "Sik Gaek" for approximately three years.

5

12.  For the first several months, Charlie Park assisted with the start-up of the business by assisting construction with his own funds and providing marketing and advertising advisory and support on behalf of "Sik Gaek" at 799 Abbot Boulevard.

13.  After the license agreement was executed, Charlie Park made a demand to Steve Ryu for payment of the license fee in accordance with the terms of the 2007 Trademark License Agreement. Upon receiving the demand for payment, Steve Ryu stated to Charlie Park that he "had nothing to do with Yogi's Two, Inc. and it was Daniel Kim that ran the business so he should seek payment from him."

14.  In Sik Gaek I, Daniel Kim filed an answer on June 15, 2013, ECF 99, stating that plaintiff in essence has sued a wrong person and goes on to further state "Kim admits that his friend, Steve Y. Ryu, sole shareholder and officer of Yogi's Two, Inc., once operated a Korean restaurant at the address indicated."

15. In Sik Gaek, Inc. v. Kim et al., Miscellaneous Case Number 13-CV-06624, Steve Ryu (the individual defendant Daniel Kim identified as the "owner" of Yogi's II, Inc., as opposed to Kim himself) filed a declaration attempting to interfere with the deposition of Yogi's trademark attorney in Chicago, stating: "I am the sole owner and principal of Yogi's Two Inc., request copies of any and all papers filed in this case, and provide Yogi's Two's objection to a motion to enforce Sik Gaek Inc.,s subpoena upon Mr. Haris, who once represented Yogi's Two Inc."

6

## B. Defendants' Fraudulent TM Registrations

16.  Within months of becoming a licensee, in a sinister scheme, defendant filed five separate trademark registration applications as owner of the "Sik Gaek" mark with the U.S. Patent and Trademark Office (USPTO) seeking to establish the "Sik Gaek" mark as its "original" mark, asserting an ownership.  Defendant filed multiple trademark applications which interfered with, and created a conflict with, plaintiff's rights.

17. Defendant unlawfully procured multiple federal registrations for plaintiff's "Sik Gaek" mark by submitting willfully false sworn, perjurious declarations. To obtain issuance of the "Sik Gaek" registration, defendant made false and misleading statements and omissions, and submitted a fraudulent application to establish purported use of the mark in commerce by the applicants, with the intent of deceiving the USPTO.  The requirements of the "sworn declaration" process before the USPTO are contained in the Code of Federal Regulations as follows (emphasis added):

37 C.F.R. § 2.33 Verified statement.

(a) The application must include a statement that is signed in accordance with the requirements of §2.193 and verified (sworn to) or supported by a declaration under §2.20 by a person properly authorized to sign on behalf of the applicant under §2.193(e)(1).

(1) A person with legal authority to bind the

7

applicant; or

   (2) <u>A person with firsthand knowledge of the facts and actual or implied authority to act on behalf of the applicant; or</u>

   (3) An attorney as defined in §11.1 of this chapter who has an actual or implied written or verbal power of attorney from the applicant.

  (b) (1) In an application under section 1(a) of the Act, the verified statement must allege:

  That the applicant believes it is the owner of the mark; that the mark is in use in commerce; that to the best of the declarant's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion or mistake, or to deceive; that the specimen shows the mark as used on or in connection with the goods or services; and that the facts set forth in the application are true.

  That the applicant has adopted and is using the mark shown in the accompanying drawing; that the applicant believes it is the owner of the mark; that the mark is in use in commerce; that to the best of the declarant's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion or mistake, or to deceive; that the specimen shows the mark as used on or in connection with the goods or services; and that the facts set forth in the application are true.

(2) In an application under section 1(b) or section 44
of the Act, the verified statement must allege:

That the applicant has a bona fide intention to use
the mark shown in the accompanying drawing in commerce
on or in connection with the specified goods or services;
that the applicant believes it is entitled to use the mark in
commerce; that to the best of the declarant's knowledge
and belief, no other person has the right to use the mark in
commerce, either in the identical form or in such near
resemblance as to be likely, when applied to the goods or
services of the other person, to cause confusion or mistake,
or to deceive; and that the facts set forth in the application
are true.

* * *

18.  Defendants caused to be filed by now-dismissed defendant Daniel Kim

multiple sworn declarations with the USPTO violate the foregoing requirements in

brazen manner.  Plaintiff has been harmed by defendant's fraudulent procurement of

the "Sik Gaek" registrations and should be awarded monetary damages. Further,

defendant's registration for the "Sik Gaek" mark should be cancelled, and the USPTO

should be directed to issue plaintiff a registration for the "Sik Gaek"  mark.

**1. Serial Number 77304833 (the "'833 application")**

19.  On October 16, 2007, Daniel Kim, as "owner" and on behalf of defendant,

filed a Trademark/Service Mark Application, Serial Number 77304833 (the "'833

application"), with the United States Patent and Trademark Office (the "USPTO").

Exhibit 3.  In filing the '833 application, defendant sought federal registration for the mark "Sik Gaek" for "International Class 043:  Restaurant services."  Defendant designated Marcus Stephen Harris, Esq., as the authorized e-mail correspondent for the '833 application.

20.  On October 16, 2007, in support of the '833 application, defendant filed the following sworn statement with the USPTO:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

See Exhibit 3.

21.  These representations were false, and defendant knew of their falsity or was recklessly indifferent. As to defendant's knowledge, when making these

representations in October 16, 2007, defendant was aware of plaintiff's ownership and rights in the "Sik Gaek" mark namely that plaintiff was the owner of the "Sik Gaek" mark and had the right to use the "Sik Gaek" mark in commerce. Not only had plaintiff expressly previously apprised defendant of its prior use of, and ownership rights in, the "Sik Gaek" mark, defendant was also aware of plaintiff's superior interests as a consequence of the 2007 Trademark Licensing Agreement, discussed above.

22.  Defendant made these misrepresentations with the intent to deceive the USPTO.  These false statements were material to the '833 application. In accordance with governing statute, regulations, and USPTO procedures, an applicant is required to make a true and correct declaration concerning the applicant's purported ownership interests in the mark sought to be registered and the absence of concurrent ownership rights of any third parties. As a result, the USPTO would have rejected the '833 application had it known of the falsity of the above statements.

23.  Based on the misrepresentations by defendant, the USPTO  granted the '833 application, and defendant Yogi's Two, Inc. was issued U.S. trademark registration No. 3645487 (the "'487 registration") on June 30, 2009. See http://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4809:u2mvm7.1.1.

24.  Plaintiff has been harmed by defendant's false and fraudulent procurement of the '487 registration.

**2. Serial Number 77304834 (the "'834 application")**

25.  On October 16, 2007, Daniel Kim, as "owner" and on behalf of defendant, filed a Trademark/Service Mark Application, Serial Number 77304834 (the "'834 application"), with the United States Patent and Trademark Office (the "USPTO"). Exhibit 4. In filing the '834 application, defendant sought federal registration for the mark "Sik Gaek" for "International Class 043:  Restaurant services."  Defendant designated Marcus Stephen Harris, Esq., as the authorized e-mail correspondent for the '834 application.

26.  On October 16, 2007, in support of the '834 application, defendant filed the following sworn statement with the USPTO:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely,

12

when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

See Exhibit 4.

27.   These representations were false, and defendant knew of their falsity or was recklessly indifferent. As to defendant's knowledge, when making these representations in October 16, 2007, defendant was aware of plaintiff's ownership and rights in the "Sik Gaek" mark namely that plaintiff was the owner of the "Sik Gaek" mark and had the right to use the "Sik Gaek" mark in commerce. Not only had plaintiff expressly previously apprised defendant of its prior use of, and ownership rights in, the "Sik Gaek" mark, defendant was also aware of plaintiff's superior interests as a consequence of the 2007 Trademark Licensing Agreement, alleged in greater detail above.

28.   Defendant made these misrepresentations with the intent to deceive the USPTO.  These false statements were material to the '834 application. In accordance with governing statute, regulations, and USPTO procedures, an applicant is required to make a true and correct declaration concerning the applicant's purported ownership interests in the mark sought to be registered and the absence of concurrent ownership

rights of any third parties. As a result, the USPTO would have rejected the '834 application had it known of the falsity of the above statements.

29.  Based on the misrepresentations by defendant, the USPTO granted the '834 application, and defendant Yogi's Two, Inc. was issued U.S. trademark registration No. 3645488 (the "'488 registration") on June 30, 2009. See http://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4809:u2mvm7.1.1.

30. Plaintiff has been harmed by defendant's false and fraudulent procurement of the '488 registration.

**3. Serial Number 77304835 (the "'835 application")**

31.  On October 16, 2007, Daniel Kim, as "owner" and on behalf of defendant, filed a Trademark/Service Mark Application, Serial Number 77304835 (the "'835 application"), with the United States Patent and Trademark Office (the "USPTO"). Exhibit 5. In filing the '835 application, defendant sought federal registration for the mark "Sik Gaek" for "International Class 043:  Restaurant services."  Defendant designated Marcus Stephen Harris, Esq., as the authorized e-mail correspondent for the '835 application.

32.  On October 16, 2007, in support of the '835 application, defendant filed the following sworn statement with the USPTO:

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

<u>See</u> Exhibit 5.

33.  These representations were false, and defendant knew of their falsity or was recklessly indifferent. As to defendant's knowledge, when making these representations in October 16, 2007, defendant was aware of plaintiff's ownership and rights in the "Sik Gaek" mark namely that plaintiff was the owner of the "Sik Gaek" mark and had the right to use the "Sik Gaek" mark in commerce. Not only had plaintiff expressly previously apprised defendant of its prior use of, and ownership rights in, the "Sik Gaek" mark, defendant was also aware of plaintiff's superior

15

interests as a consequence of the 2007 Trademark Licensing Agreement, alleged in greater detail above.

34.   Defendant made these misrepresentations with the intent to deceive the USPTO.  These false statements were material to the '835 application. In accordance with governing statute, regulations, and USPTO procedures, an applicant is required to make a true and correct declaration concerning the applicant's purported ownership interests in the mark sought to be registered and the absence of concurrent ownership rights of any third parties. As a result, the USPTO would have rejected the '835 application had it known of the falsity of the above statements.

35.   Based on the misrepresentations by defendant, the USPTO granted the '835 application, and defendant Yogi's Two, Inc. was issued U.S. trademark registration No. 3533257 (the "'257 registration") on June 30, 2009. See http://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4809:u2mvm7.1.1.

36.  Plaintiff has been harmed by defendant's false and fraudulent procurement of the '257 registration.

**4. Serial Number 77304836 (the "'836 application")**

37.  On October 16, 2007, Daniel Kim, as "owner" and on behalf of defendant, filed a Trademark/Service Mark Application, Serial Number 77304836 (the "'836 application"), with the United States Patent and Trademark Office (the "USPTO").

16

Exhibit 6. In filing the '836 application, defendant sought federal registration for the mark "Sik Gaek" for "International Class 043: Restaurant services." Defendant designated Marcus Stephen Harris, Esq., as the authorized e-mail correspondent for the '836 application.

38.  On October 16, 2007, in support of the '836 application, defendant filed the following sworn statement with the USPTO:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

See Exhibit 6.

39.  These representations were false, and defendant knew of their falsity or was recklessly indifferent. As to defendant's knowledge, when making these

representations in October 16, 2007, defendant was aware of plaintiff's ownership and rights in the "Sik Gaek" mark namely that plaintiff was the owner of the "Sik Gaek" mark and had the right to use the "Sik Gaek" mark in commerce. Not only had plaintiff expressly previously apprised defendant of its prior use of, and ownership rights in, the "Sik Gaek" mark, defendant was also aware of plaintiff's superior interests as a consequence of the 2007 Trademark Licensing Agreement, alleged in greater detail above.

40.   Defendant made these misrepresentations with the intent to deceive the USPTO.  These false statements were material to the '836 application. In accordance with governing statute, regulations, and USPTO procedures, an applicant is required to make a true and correct declaration concerning the applicant's purported ownership interests in the mark sought to be registered and the absence of concurrent ownership rights of any third parties. As a result, the USPTO would have rejected the '836 application had it known of the falsity of the above statements.

41.   This application was abandoned by defendant on August 17, 2009.

**5. Serial Number 77304837 (the "'837 application")**

42.   On October 16, 2007, Daniel Kim, as "owner" and on behalf of defendant, filed a Trademark/Service Mark Application, Serial Number 77304837 (the "'837 application"), with the United States Patent and Trademark Office (the "USPTO").

18

Exhibit 7. In filing the '837 application, defendant sought federal registration for the mark "Sik Gaek" for "International Class 043: Restaurant services." Defendant designated Marcus Stephen Harris, Esq., as the authorized e-mail correspondent for the '837 application.

43.  On October 16, 2007, in support of the '837 application, defendant filed the following sworn statement with the USPTO:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

See Exhibit 7.

44.  These representations were false, and defendant knew of their falsity or was recklessly indifferent. As to defendant's knowledge, when making these

19

representations in October 16, 2007, defendant was aware of plaintiff's ownership and rights in the "Sik Gaek" mark namely that plaintiff was the owner of the "Sik Gaek" mark and had the right to use the "Sik Gaek" mark in commerce. Not only had plaintiff expressly previously apprised defendant of its prior use of, and ownership rights in, the "Sik Gaek" mark, defendant was also aware of plaintiff's superior interests as a consequence of the 2007 Trademark Licensing Agreement, alleged in greater detail above.

45.   Defendant made these misrepresentations with the intent to deceive the USPTO.  These false statements were material to the '837 application. In accordance with governing statute, regulations, and USPTO procedures, an applicant is required to make a true and correct declaration concerning the applicant's purported ownership interests in the mark sought to be registered and the absence of concurrent ownership rights of any third parties. As a result, the USPTO would have rejected the '837 application had it known of the falsity of the above statements.

46.   Based on the misrepresentations by defendant, the USPTO granted the '837 application, and defendant Yogi's Two, Inc. was issued U.S. trademark registration No. 3688008 (the "'008 registration") on September 29, 2009. See http://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4809:u2mvm7.1.1.

47. Plaintiff has been harmed by defendant's false and fraudulent procurement of the '008 registration.

48. On October 25, 2007, Charlie Park, through his counsel Xavier Morales, Esq., filed a trademark registration application with the USPTO. Charlie Park's trademark registration application was suspended by the USPTO as being in conflict with the fraudulent "antecedent" applications filed by defendants.

49. After plaintiff received assignment of the Sik Gaek rights, on January 28, 2011, plaintiff retained David H.E. Bursik, Esq. and filed in essence a new trademark registration application with the USPTO. This new filing by plaintiff was suspended by the USPTO based on this action filed by plaintiff as a result of defendant's fraudulent trademark registrations.  Charlie Park and his lawful assignees have been denied the registration and commercial use and growth of the "Sik Gaek" mark.

50. Defendant has never withdrawn the five applications filed with the USPTO and has continued to block plaintiff's trademark application and rights.

51. In Merchant Cash & Capital, LLC v. Sik Gaek & Company Corp., Yogi's Two, Inc., d/b/a Yiga Restaurant, DK and SR, Inc., Steven R. Ryu, Daniel "Danny" Kim and John Does 1 through 5, Docket No. BER-L-7823-08, in the Superior court of New Jersey, Bergen County, Daniel Kim testified that prior to using the "Sik Gaek" mark at the Fort Lee restaurant around November 2007, Yogi's Two had

operated a restaurant at the same location under the name "Yiga." This is reflected in the Registration of Alternate Name with the State of New Jersey filed in March 31, 2006.  There is no evidence that Yogi's, at anytime prior to 2007, used the "Sik Gaek" mark in commerce.

52.  Charlie Park has been <u>consistently</u> using the Sik Gaek mark in interstate commerce <u>consistently</u> without interruption since 2005. The two restaurants that currently use the Sik Gaek mark in interstate commerce are Swan USA, Inc., doing business as Sik Gaek, at 161-29 Crocheron Avenue in Flushing, New York; and Charlie and You, Inc., doing business as Sik Gaek, at49-11 Roosevelt Ave, Woodside, Queens.

53.  Defendant is a fraudulent junior user whose fraudulent filings with the USPTO have resulted in the USPTO issuing registrations for four of five applications it filed fraudulently.

54.  No such person had registered a trademark "Sik Gaek" in the United States.  No foreign-use priority has ever been claimed by anyone in the United States for any "Sik Gaek" or variation thereof.  Defendant has no derivative rights to any "foreign user" as defendant is not an assignee, agent, or other beneficiary of any foreign use which preceded any United States application based on foreign use within one year as is required by the Lanham Act and related regulations.

55. Plaintiff has never been accused in writing or in lawsuit by anyone in the United States or overseas claiming any antecedent, superior, or foreign use rights that conflicted with plaintiff's adoption and use in interstate commerce of the Sik Gaek mark and its variations.

56. While the sham "Sik Gaek" was operating at 799 Abbott Blvd., Fort Lee, New Jersey, customers routinely commented, while visiting plaintiff's Sik Gaek restaurants in Queens, that they had been to the Fort Lee "Sik Gaek" where the food service was substandard. The Fort Lee Sik Gaek eventually went out of business due to management ineptitude.

57. Plaintiff has been injured by defendants substandard product while using the "Sik Gaek" marks, where the customers have associated their lack of quality with that of plaintiff's restaurants in New York.

58. Defendants are jointly and severally liable for each of the claims presented in this action. Plaintiff previously sued defendant Daniel Kim on the basis of his filing repeated sworn declarations with the USPTO, as exhibited above, fraudulently claiming to the "owner" or or president of the "owner" of such marks. During the course of Sik Gaek I defendant Daniel Kim filed papers purporting to deny any role in connection with Sik Gaek's trademark infringement and defendants' fraudulent filings before the USPTO such that Judge Ross effectively absolve him of liability,

which result is challenged by plaintiff on appeal currently pending before the Second

Circuit.  At approximately the same time, defendant Steve Ryu purported to "assert

responsibility" as the responsible party or owner or principal and, as such held

himself out for liability in lieu of defendant Daniel Kim.  Without waiving our rights

against defendant Daniel Kim we therefore seek to hold defendant Steve Ryu liable

as a coconspirator and as direct infringer, owner, officer, shareholder, and/or

responsible person whose actions support joint and several liability for the following

claims.

59.  Defendants' acts raised in this action were committed in abject bad faith;

willfully, maliciously, wantonly, and knowing full well that they were presenting

repeated, perjurious sworn statements to the USPTO, an agency of the federal

government and specifically in violation of the Code of Federal Regulations, a source

of federal law.

## CLAIMS FOR RELIEF

### Count One – Cancellation of Fraudulent Registrations
### Under 15 U.S.C. § 1119

60.  Plaintiff Sik Gaek, Inc., repeats and realleges each and every allegation of

the foregoing paragraphs of its Complaint, with the same force and effect as if set

forth fully herein.

61. Defendants obtained registrations under fraudulent applications filed in connection with U.S. Trademark Registration Nos. '487, '488, '257, and '008. Defendants are not entitled to those registrations because defendants are not the rightful owners  pursuant to 15 U.S.C. § 1119. As a result, U.S. trademark Registration Nos. '487, '488, '257, and '008 should be cancelled pursuant to 15 U.S.C. § 1119.

62.  Defendants filed for one or more additional U.S. trademark registrations by resorting to fraud upon the USPTO. As a result, defendants should be permanently enjoined from claiming any right to the "Sik Gaek" marks at all.

### Count Two – Violation of 15 U.S.C. § 1125(a)

63.  Plaintiff Sik Gaek, Inc., repeats and realleges each and every allegation of the foregoing paragraphs of its Complaint, with the same force and effect as if set forth fully herein.

64.  By reason of the foregoing, defendants are in ongoing violation of the Lanham Act including section 43(a) thereof in that (A) they are violating plaintiff's trademark rights; (B) are engaged in unfair competition; and ( C) are engaged in false labeling and false advertising as to the source or affiliation with plaintiff and is thereby creating confusion or likelihood of confusion.

25

65. Defendants' acts of infringement are willful and in bad faith. The intentional nature of the aforesaid acts of defendants makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

## Count Three – Breach of License Agreement

66. Plaintiff Sik Gaek, Inc., repeats and realleges each and every allegation of the foregoing paragraphs of its Complaint, with the same force and effect as if set forth fully herein.

67. By reason of the foregoing, defendants breached their licensing agreement with plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

A. compensatory damages in the sum of $2,000,000.00;

B. punitive damages;

C. judicial cancellation of USPTO Registration Nos. 3645487, 3645488, 3533257, and 3688008;

D. injunction against any pending and future registrations of Sik Gaek marks by defendants or those in concert or participation with them;

E. legal fees; other professional fees; costs arising from this action and from Sik Gaek I; and

F. any other relief the Court deems just and proper under the circumstances.

## <u>JURY DEMAND</u>

Under Federal Civil Rule 38, plaintiff demands a trial by jury.


Dated: October 15, 2014         <u>/s/ Michael S. Kimm  </u>

                                              Michael S. Kimm

                                              Thomas W. Park